Judge Daniel L. Dysart
Relator, First Mercury Insurance Company, seeks review of the trial court's ruling of October 16, 2017, denying the *382 relator's Motion for Summary Judgment. Relator sought a writ of certiorari from this Court, which convened a five-judge panel and heard oral argument.
Relator seeks dismissal, with prejudice, of the claims made against it by plaintiff, Daphne Richardson Valteau, whose father was stabbed to death in an incident which took place at the property owned and/or operated by The Terraces Limited Partnership, d/b/a The Terraces on Tulane ("The Terraces"), and managed by Latter & Blum Property Management, Inc.
Patriot Protection Agency, Inc., ("Patriot") was the company hired to provide security services at The Terraces at the time of the stabbing. Relator was the liability insurance carrier for Patriot and was brought into the action in a Fourth Supplemental and Amending Petition filed in December 2016.
The policy issued by relator to Patriot, which was in effect at the time of the incident, provided the following "Exclusion of Specific Work":
Notwithstanding anything to the contrary contained in the policy or any endorsement attached thereto, it is agreed that this insurance does not apply to "Bodily Injury", "Property Damage," or "Advertising Injury" arising out of the rendering of or failure to render any services described in the Schedule of Excluded Operations contained in this endorsement, regardless of whether such operations are conducted by you or on you [sic] behalf. This endorsement applies even if other causes contribute to or aggravate the "Bodily Injury," "Property Damage," "Personal Injury" or "Advertising Injury."
?Description of Excluded Operations:
...
Any and all operations at, or arising from, any government owned residential facility, or any such facility established for the purpose of providing subsidized housing, whether owned or subsidized by a municipal, state or federal government, or any subdivision or agency thereof.
On its face, it appears relator's argument is in line with Hickey v. Centenary Oyster House, 97-1074 (La. 10/20/98), 719 So.2d 421, and Michelet v. Scheuring Security Services, Inc., 95-2196 (La.App. 4 Cir. 9/4/96), 680 So.2d 140, wherein the Supreme Court and this Court held that intentional or criminal acts exclusions are valid and enforceable under the plain language terms contained in the contract.
However, the exclusion contained in relator's policy with Patriot is quite distinguishable. The provisions contained in relator's policy exclude coverage for "... any such facility established for the purpose of providing subsidized housing ...."
Ostensibly, relator's exclusion excludes all coverage to its insured, Patriot. There is no act of any nature whatsoever that would afford Patriot coverage if the event occurred on a property such as described in the exclusion.
We therefore find there are facts which require further development and that this matter is not ripe for summary judgment at this time. Those issues include whether the endorsement is ambiguous, for if applied as requested, the policy is completely worthless to Patriot; whether the definition in the exclusion as applied to The Terraces violates any state or federal housing laws; and, whether the policy met the licensing requirements of La. R.S. 37:3276 E, which requires Patriot to carry liability insurance, considering there is no coverage afforded when the exclusion is applied.
*383 For these reasons, we find there remain genuine issues of material fact and deny the relief sought.
WRIT GRANTED; RELIEF DENIED
Lobrano, J., Concurs in the Result
Bartholomew-Woods, J., Concurs in the Result